COLLEEN HARTL, #18051
Attorney for Defendant
23321 62nd Avenue South, #E103
Kent, WA 98032
Tel: 206-715-2715 Fax: 206-260-3424
colleen@hartllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COLTON HARRIS-MOORE,<br><br>    Defendant | Case No.: 2:10-cr-00336-RAJ-1<br><br><br>MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>NOTE ON MOTION CALENDAR: FRIDAY, APRIL 26, 2019 |

**I.    INTRODUCTION**

The defendant, COLTON HARRIS-MOORE, respectfully moves this court for an Order terminating the remaining term of his supervised release pursuant to 18. U.S.C. Sec. 3583(e)(1). After serving 78 months in prison, his three-year term of supervised release began on September 27, 2016. At this time, Mr. Harris-Moore has completed over three quarters of his supervisory term. He has five months remaining on supervision. Although the remaining time appears relatively short, the time is crucial to allow Mr. Harris-Moore the ability to travel out of western Washington and take advantage of work opportunities outside the small geographical area to which he is restricted. The inability to travel, even short distances out of western Washington is,

unnecessarily limiting and prevents him from taking advantage of work opportunities that are available to him, and have been available to him for the last year.

Mr. Harris-Moore is supervised in, and restricted to, the Western District of Washington where he lives and works – limited as that is given the geographical limitation.  If he can take advantage of work opportunities outside of western Washington, he could make restitution to the victims more quickly than if he remains on supervised probation for another five months in western Washington, with the limited jobs available.  In this regard, it is in both parties' interest that Mr. Harris-Moore's probation terminate early.

Mr. Harris-Moore is in full compliance with his conditions of probation.  He has attached a letter to this motion explaining in detail how far away he is from his former life and how important it is to him to completely comply with probation and thereafter remain fully law abiding for the rest of his life.  The incarceration he endured, the restrictions and affirmative conditions required under probation and the unwanted notoriety have all served their purpose – punishment for the crimes and a level of rehabilitation to get Mr. Harris-Moore in a position in the community where he is not only law abiding but that he also contributes in a positive way to his community. He has helped people struggling in line at the grocery store with their money due and is always ready to help a friend or associate in need.

I met Colton in 2016, when he came to work for Mr. Browne, for whom I worked as an attorney. When it comes to pop or sensationalist news, I am fairly naïf. So, while I certainly was aware of Colton's cases, I had no idea how much public scrutiny surrounded him nor what to expect from him.  To be honest, my expectations were probably pretty low.  He absolutely surprised me with his work ethic, his politeness and manners, his pleasant nature, and his sensitivety to the environment around him.  That is, while he was always looking for ways to

be helpful or learn something, he was also "tuned in" to the energy in the office and when things were ramped up, we were in trial mode, time limits were kicking in, he never got in the way or interrupted what was going on.  He knew the proper time to ask questions about his assigned projects and he patiently waited for that time. I tell the court this because I could see at that time his responsibility level was very high—much higher than other clients I had who were on probation.  Much higher than others not part of the criminal justice system.  I've stayed friends with Colton to this day and I can vouch for what he says in his letter absolutely.

As he states, he does not drink alcohol or use nonprescribed or illegal drugs.  I've seen him socially where alcohol is served, and he does not partake.  I've also met some of his friends and I can also vouch for their law-abiding and good behavior.  They are about as far away from the criminal element as one can get.   Colton has set his intention on doing the right and moral thing in whatever he does, surrounding himself with positive, productive people and helping those in need whenever he can.  He is an exemplary person and if what he went through helped to bring him to where he is now, then the justice system has more than done its job for Colton.  I can't see anything else he could get out of our system.  It is time for him to move forward on the path laid for him from a successful justice system.

**II. APPLICABLE LAW**

Title 18, sec. 3583(e)(1) of the United States' Code authorizes a Court to use its discretion to terminate a defendant's term of supervised probation after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court consider the purpose of sentencing as set forth in 18 U.S.C. sec. 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASENOTE ON MOTION CALENDAR: FRIDAY, APRIL 26, 2019 - 3

terminate supervised release. The following criteria is used to identify eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration;
> 2. progressive strides toward supervision objectives and compliance with all conditions of supervision;
> 3. no aggravated role in the offense of conviction;
> 4. no history of violence;
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. no recent evidence of alcohol or drug use;
> 7. no recent psychiatric episodes;
> 8. no identifiable risk to the safety of any identifiable victim; and
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judicial Policy, Vol. 8E, Ch. 3 sec. 380.10(b). "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Per the policy, "there is a presumption in favor of recommending termination" for supervision after the first 18 months if they are not "career violet and /or drug offenders, sex offenders, or terrorists.""

In 2012, in a memorandum issued by the Committee on Criminal Law of the Judicial Conference, United States District Court Judges were encouraged to grant early termination of supervision when appropriate.  Additionally, an Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to a term of imprisonment less often." It is appropriate in this case that the Court use its discretion to terminate Mr. Harris-Moore from supervision.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASENOTE ON MOTION CALENDAR: FRIDAY, APRIL 26, 2019 - 4

### III. COLTON HARRIS-MOORE SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Harris-Moore satisfies all the factors set forth for early termination. He has completed all the terms of supervision, except for restitution. He has made significant progress paying restitution, recently making a $25,000.00 lump sum payment. He will continue to make payments until that debt is satisfied. He has certainly made progressive strides towards supervision objectives and is in compliance with all conditions of probation. As stated, Mr. Harris-Moore is well aware of his continuing restitution obligation and he looks forward to completing that as soon as possible. Similarly, factors 3-9 are also met and based on that criteria, Mr. Harris-Moore's probation should be terminated. In addition to Mr. Harris Moore's letter, there are several attached letters of support of Mr. Harris Moore's stability and good character.

Mr. Harris-Moore's experiences in the criminal justice system have changed him profoundly and have set him on the straight and stable path he is on today. Given his commendable reentry into the community and performance on supervised release, he respectfully requests the Court order his term of supervision be terminated under 18 U.S.C. section 3583(e).

Respectfully submitted this 18th day of April 2019.

By: s/ COLLEEN A. HARTL
Colleen A. Hartl, WSBA #18051
Law Firm of Colleen A. Hartl
23321 62nd Avenue South, #E103
Kent, WA 98032
Telephone:(206) 715-2715
Fax: (206) 260-3424
E-mail: colleen@hartllaw.com
Attorney for Defendant Colton Harris Moore