Judge Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR10-336RAJ |
| Plaintiff, | |
| | OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| COLTON HARRIS-MOORE, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Michael Dion, Assistant United States Attorney, files this Opposition to Defendant Colton Harris-Moore's Motion for Early Termination of Supervised Release (docket no. 79).

## I. INTRODUCTION

As discussed below, the Court should deny Harris-Moore's Motion. In his Motion, Harris-Moore argues that the Court should terminate his supervision because the travel restriction "precludes" him from embarking on a career as a highly-paid public speaker, and from visiting friends in "London, France, China, or Korea."

In truth, Harris-Moore offers no evidence that the travel restriction would preclude him from speaking engagements or any other legitimate travel. Harris-Moore has never

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 1

1  asked his Probation Officer for permission to travel for a speaking engagement.  It seems

2  that Harris-Moore has simply grown tired of supervision.  That is understandable, but

3  hardly a reason for early termination.

4  ## II.      BACKGROUND

5       From 2008 to 2010, Harris-Moore committed at least 67 state and federal crimes

6  during a 27-month crime spree.  Although Harris-Moore became famous for stealing (and

7  crashing) planes, he also burglarized homes and businesses, and stole firearms.  This

8  Court sentenced him to 78 months of imprisonment and ordered him to pay

9  $1,336,429.11 in restitution.  The Court imposed a condition of supervision that

10  prohibited Harris-Moore from traveling outside this District without the approval of the

11  Probation Office.

12       Harris-Moore sold the rights to his life story to a movie studio for roughly $1.15

13  million.  Pursuant to the plea agreement, that money was applied to his restitution.

14       Harris-Moore moved for early termination on April 19, 2019.  According to the

15  Probation Officer Gjefle, Harris-Moore had never asked him for permission to travel to

16  speaking engagements.  It was only *after* the motion was filed that the defense discussed

17  the possibility of travel for speaking with Officer Gjefle.  Officer Gjefle told the defense

18  that he supported the idea in principle, and would be open to requests to travel as a paid

19  speaker (which would help Harris-Moore pay restitution).  Nevertheless, Harris-Moore

20  maintains his request for early termination.

21  ## III.    DISCUSSION

22       The relevant statute, 18 U.S.C. § 3583(e)(1), provides that a court may terminate

23  supervision early "if it is satisfied that such action is warranted by the conduct of the

24  defendant released and the interest of justice."  "[T]he plain language of the statute

25  indicates that the district courts have broad discretion to alter the conditions of a

26  defendant's supervised release."  *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir.

27  2000).  However, early termination is not warranted as a matter of course.

28  "Occasionally, changed circumstances -- for instance, *exceptionally* good behavior by the

1  defendant or a downward turn in the defendant's ability to pay a fine or restitution

2  imposed as conditions of release -- will render a previously imposed term or condition of

3  release either too harsh or inappropriately tailored to serve the general punishment goals

4  of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis

5  added).

6       As one district court has noted, "[m]ere compliance with the terms of probation or

7  supervised release is what is expected of probationers, and without more, is insufficient

8  to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 468-69

9  (D.N.J. 2003) ("[T]here is general agreement that the early termination of probation . . . is

10 warranted only in cases where the defendant demonstrates changed circumstances, such

11 as exceptionally good behavior").

12      Harris-Moore has done well on supervision and his future is promising.  His

13 Motion does not, however, identify any "changed circumstances" to justify early

14 termination.

15      Harris-Moore argues that early termination is "crucial" so that he can take

16 advantage of his supposed speaking opportunities outside of this District, which could

17 earn him as much as $20,000 per speech.  Motion at p. 1.  Yet Harris-Moore does not

18 identify a single speaking engagement that he has had to turn down because of the travel

19 restriction.  Harris-Moore and his defense counsel never even raised the topic with

20 Officer Gjefle until *after* filing their motion for early termination.  The claim that the

21 travel restriction "precludes" Harris-Moore from work as a speaker, or from any other

22 appropriate travel, is baseless speculation.

23      The reality is that Officer Gjefle would support travel for speaking engagements.

24 The Probation Office can approve travel requests promptly – the approval process would

25 take two weeks at the very most, and could often be completed faster than that.  If

26 somebody is really going to pay Harris-Moore $20,000 for an out-of-state speaking

27 engagement, it seems likely that the event would be planned more than two weeks in

28 advance.

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Harris-Moore also wants his supervision terminated so he can visit friends in

2  "London, France, China, or Korea."  Harris-Moore does not explain why he cannot

3  submit requests for international travel two weeks in advance.

4  **IV.    CONCLUSION**

5    Colton Harris-Moore committed dozens of very serious crimes, including some

6  very dangerous crimes.  This Court sentenced him to three years of supervision.

7  Harris-Moore has done well, but his term of supervision is not over, and his restitution is

8  not fully paid.  No doubt many people on supervision would prefer to skip the last few

9  months of their term.  But the law – and common sense – say that there should actually

10 be a reason to terminate supervision.  Harris-Moore does not offer this Court any reason.

11 He cannot legitimately claim that the travel restriction is interfering with appropriate

12 travel because he has not asked for authorization.  Even if Harris-Moore could meet that

13 burden, the solution would be to consider modifying or altering the restriction – not

14 terminating supervision entirely.

15    The Court should deny the motion for early termination.

16

17    DATED this 3rd day of May, 2019.

18

19                                        Respectfully submitted,

20                                        BRIAN T. MORAN
                                         United States Attorney

21

22                                        */s/ Michael Dion*

23                                        MICHAEL DION

24                                        Assistant United States Attorney
                                         700 Stewart Street, Suite 5220

25                                        Seattle, WA 98101-1271
                                         Phone:      (206) 553-7729

26                                        FAX:         (206) 553-2502

27                                        E-mail:      Michael.Dion@usdoj.gov

28

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

CERTIFICATE OF SERVICE

2      I hereby certify that on May 3, 2019, I electronically filed the foregoing with the

3 Clerk of the Court using the CM/ECF system which will send notification of such filing

4 to the attorney(s) of record for the defendant.

5

6

*/s/ Elizabeth Gan*
ELIZABETH GAN

7
Legal Assistant

8
United States Attorney's Office
700 Stewart Street, Suite 5220

9
Seattle, Washington 98101-1271

10
Phone: (206) 553-4370

11
FAX:   (206) 553-2502
E-mail: Elizabeth.Gan@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970