The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v:<br><br>COLTON HARRIS MOORE,<br><br>Defendant. | NO. CR10-336RAJ<br><br>RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATION FROM SUPERVISED RELEASE |

The Defendant, Colton Harris Moore, by and through his attorney, Colleen A. Hartl, files this response to Plaintiff's Opposition to Colton's Motion for Early Termination of Supervised Release.

**I.  Response to Government's Opposition**

The plaintiff objects to Colton's motion for termination because "the travel restriction "precludes" him from embarking on a career as a highly paid public speaker, and from visiting friends…". (Page 1, Opposition). To clarify, and contrary to the attitude exhibited by the government, *one* reason Mr. Harris Moore makes his request, and as stated in his motion, is allow "travel out of Western Washington and take advantage of work opportunities outside the small geographical area to which he is restricted." When he asked his former probation officer, Angela McWynn, about the ability to travel in general, she told him "expect that request to take up to

RESPONSE- 1

COLLEEN A. HARTL
23321 62nd Avenue South, #E103
Kent, Washington 98032
206-715-2715
FAX: 206-260-3424

three months to process". The reason it would take so long, he was told, was because he *was* treated differently. As an example, Colton made a request to move to Arizona last year.  He has a good friend in Arizona who would have helped him establish himself financially as well as move beyond the shadow of his notoriety, which while arguably deserved over 10 years ago, is simply no longer his reality and something he constantly strives to overcome.  That took months to process and in the end his request was denied.  A request to travel must be approved by his direct officer, who then passes it to his supervisor, who passes it to her supervisor for approval. He was told he is treated differently because of his notoriety. According to his current officer, Blake Gjefle, the request to visit friends takes about two weeks to approve. Two weeks to approve visiting outside Western Washington.  This is but one reason Colton makes his motion.

Second, he was also told by probation that should he want to go into business or partner with anyone "that person's financial history and current financials are treated as your (Colton's) own." That means the prospective partner has to reveal their financial information to a government agency and fill out pages of documents at the request of probation.  The individuals who were considering partnering with Colton declined to be involved in the process, not surprisingly. These are but examples of how supervised release conditions have deterred his forward movement.  But for the restrictive conditions, Mr. Harris Moore would be in a much better position, financially and personally, than he is now.  Yes, he's tired of probation.  He wants to move beyond these restrictions and move into his life.  Even with the restrictions, Colton has moved ahead, and he not only moves ahead as we all do, but he moves ahead with a burden most of us don't have. The burden of publicity based on a persona from over 10 years ago.  He moves ahead despite all the forces holding him back.

Third, the change in circumstance is the dramatic change experienced Mr. Harris Moore over the past years.  This change dramatically debunks the odds, and what everyone expected.  This change has built up pressure to move forward but without the ability to do so meaningfully because of the conditions placed on him.

RESPONSE- 2

It has been over 10 years since Colton has committed a crime or acted out of society's norms. In 10 years, he's grown from a boy to a man. A good, responsible man. Even the recent pictures of him in the press are over 10 years old. He has learned, though horrific experiences, both within and without the justice system, the consequences of actions. He never shirked from his responsibilities and he won't in the future. Restitution is constantly on his mind. He has told me, even if he was never placed on supervised release, after what he went through, he would not commit another crime *and* he would pay restitution. The "Barefoot Bandit" has not been his identity or reality for over 10 years. The "Barefoot Bandit" is gone. Granted, the prosecutor hasn't met Colton so there's no way for him to assess whether this is true. His reasons, to prevent early release, are assumptions. Colton understands this and holds no ill will towards the prosecutor's office for not having a complete picture.

And as evidenced by the government's own documents, the probation report filed with the court, Mr. Gjefle states: "I recognize Mr. Harris-Moore's efforts on supervision and cannot think of anything he could have done better. He should be commended for the outstanding compliance…". If that's not extraordinary conduct, as stated by his officer, I can't imagine what would be.

If the purpose of probation is to reintegrate the offender back into society as a productive, law-abiding citizen, that's been done. Probation has nothing else to offer him. Frankly, it's a waste of resources to continue. Mr. Gjefle has one more visit scheduled with Colton before his final release. One more visit – that's the extent of "active" probation in this case; and that's not the problem. The problem is the other conditions. The conditions that arise when Colton seeks to move forward. These are the conditions blocking that movement and the conditions Colton seeks to have removed.

## II.     Unsupervised Probation

Colton has proposed to the government that he be placed on unsupervised probation, and report to the court directly. This would maintain the condition, among others, of no law

RESPONSE- 3

COLLEEN A. HARTL
23321 62nd Avenue South, #E103
Kent, Washington 98032
206-715-2715
FAX: 206-260-3424

violations.  There would be oversite on his case as it moves to the September end date.  Of course, this request is subject to the court's schedule and willingness to order unsupervised probation, but he would unhesitatingly agree to this placement.

      We did not get a response to this request from the government, so we include it here as a meaningful compromise to the motion.

      Respectfully submitted this 7th day of May 2019.

_____
Colleen A. Hartl, WSBA #18051
Attorney for Colton Harris Moore

RESPONSE- 4

COLLEEN A. HARTL
23321 62nd Avenue South, #E103
Kent, Washington 98032
206-715-2715
FAX: 206-260-3424

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RESPONSE- 5

**COLLEEN A. HARTL**
**23321 62nd Avenue South, #E103**
**Kent, Washington 98032**
**206-715-2715**
**FAX: 206-260-3424**