Judge Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLTON HARRIS-MOORE,

Defendant.

NO. CR10-336RAJ

SUPPLEMENTAL OPPOSITION TO
MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE

The United States of America, by and through Brian T. Moran, United States

Attorney for the Western District of Washington, and Michael Dion, Assistant

United States Attorney, files this Supplemental Opposition to Defendant Colton

Harris-Moore's Motion for Early Termination of Supervised Release.

The United States files this supplemental brief to respond to factual inaccuracies in

Mr. Harris-Moore's response brief ("Response") (docket no. 84).

Inaccurate Claims About Approval Of Travel Requests

Mr. Harris-Moore claims that his prior Probation Officer, Angela McGlynn, told

him that travel requests (a) would take "three months" to process, and (b) would require

two levels of supervisory approval.  Response at pp. 1-2.  Officer McGlynn has told the

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   United States that she never said those things to Mr. Harris-Moore and that they are not

2   true.

3          The request to go to Arizona described in the Response was a request to *move* to

4   Arizona and transfer supervision – not a travel request.[1]  Supervision transfers are

5   elaborate affairs that can take months to approve.  Travel requests are much simpler.  As

6   Mr. Harris-Moore has repeatedly been informed, travel requests can be approved in two

7   weeks *at the most*, and often faster than that.  Furthermore, travel requests only require

8   approval from the Probation Officer's immediate supervisor, and do not require approval

9   from a higher-level supervisor.

10         The Response also states that Mr. Harris-Moore asked to move to Arizona "last

11  year" and that the request "took months to process."  Response at p. 2.  According to

12  Probation, both of those statements are inaccurate.  Mr. Harris-Moore asked to move to

13  Arizona in 2016, not last year.  The request was denied one month later, not "months"

14  later.  The Probation Office denied the request for transfer to Arizona because it found

15  that Mr. Harris-Moore had no real ties to Arizona, had never lived there, and had no

16  blood relatives there.

17         <u>Inaccurate Claims About Financial Disclosure Requirements</u>

18         Mr. Harris-Moore claims that "individuals" were "considering" partnering with

19  him in some undescribed business venture, but decided not work with him because of the

20  supposedly invasive financial disclosures required by the Probation Office.  Response at

21  p. 2. Mr. Harris-Moore claims that the Probation Office told him that a partner's

22  "financial history and current financials would be treated as your own[.]"  Officer

23  McGlynn has told the United States that she never said that and that it is inaccurate.  The

24  Probation Office would review the finances of a *company* that Mr. Harris-Moore had an

25  interest in, and might inquire about sources of start-up money.  The Probation Office

26  would not, however, review the financial history of a potential partner.

27  ───────────────

28  [1] Indeed, the Response brief describes the Arizona request as a "move," not mere travel.  Reply at p. 2.

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>Inaccurate Claims About How Supervision Has Affected Harris-Moore</u>

Mr. Harris-Moore claims that, "[b]ut for" the restrictions of supervision, he would be "in a much better place, financially and personally, than he is now." Response at p. 2. The truth is that, if Mr. Harris-Moore has missed personal and financial opportunities, he has only himself to blame. If these opportunities were important to Mr. Harris-Moore, he should have discussed them with his Probation Officer and sought approval. He did not. He has never asked for approval to travel for a speaking engagement. He has not asked for approval for travel to visit his friends in "London, France, China, or Korea." He never bothered to learn the actual financial disclosure requirements for a business partnership.

<u>Mr. Harris-Moore Is Treated Unfairly Because Of His Notoriety</u>

Mr. Harris-Moore claims that Officer McGlynn told him that he "is treated differently because of his notoriety." Response at p. 2. According to Officer McGlynn, she never said that and it is not true. The restrictions that Mr. Harris-Moore finds onerous are the same restrictions that many other supervisees in this District operate under.

<u>Mr. Harris-Moore Is Not A Victim Of His Celebrity</u>

The Response paints Mr. Harris-Moore as a victim of his fame as the "Barefoot Bandit." The Response claims that Mr. Harris-Moore deserves extra credit for his performance on supervision because he "moves ahead with a burden most of us don't have" because of his "persona from over 10 years ago." Response at p. 2.

The United States agrees that Mr. Harris-Moore has done well on supervision and should be proud of his progress. But the truth is that Mr. Harris-Moore's fame has given him opportunities that other felons could never even dream of.

It was Mr. Harris-Moore's persona that allowed him to sell the rights to his life story to a movie studio, and thereby reduce his restitution obligation by over one million dollars. Most people on supervision would have no hope of ever paying of a $1.3 million dollar restitution judgment, and would live with it for the rest of their lives.

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Assuming that people really would pay Mr. Harris-Moore a $20,000 speaking fee, that is because of his persona.  Other people on supervision have their own compelling stories, full of struggles, hardship, mistakes, successes, and hopes.  But nobody will pay them to speak, because they are not The Barefoot Bandit.

The United States does not criticize Mr. Harris-Moore for taking advantage of any opportunities that come his way.  Mr. Harris-Moore should, however, face the truth about why he has those opportunities.  Mr. Harris-Moore committed dozens of dangerous and destructive crimes.  These also happened to be unusual, interesting crimes that caught the attention of the press and turned Mr. Harris-Moore into an outlaw hero.  He may regret what he did, but he should not deny that he continues to benefit from that persona.

The Court should deny the motion for early termination.

DATED this 9th day of May, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney


/s/ Michael Dion
MICHAEL DION
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-7729
Fax:             (206) 553-2502
E-mail:        Michael.Dion@usdoj.gov

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

CERTIFICATE OF SERVICE

2          I hereby certify that on May 9, 2019, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to the attorney(s) of record for the defendant.

5

6                                              /s/ Elizabeth Gan

7                                              ELIZABETH GAN
                                               Legal Assistant
8                                              United States Attorney's Office
                                               700 Stewart Street, Suite 5220
9                                              Seattle, Washington 98101-1271
                                               Phone: (206) 553-4370
10                                             FAX:   (206) 553-2502
                                               E-mail: Elizabeth.Gan@usdoj.gov
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOORE/CR10-336RAJ
OPPOSITION TO EARLY TERMINATION - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970