Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. COLTON HARRIS-MOORE, Defendant. | No. CR10-336RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

THIS MATTER is before the Court on the Defendant's Motion for Early Termination of Supervised Release. Dkt. #79. For the reasons below, the Court **DENIES** Defendant's motion.

Following a plea of guilty to the crimes of Bank Burglary, Interstate Transportation of a Stolen Aircraft, Interstate and Foreign Transportation of a Stolen Firearm, Fugitive in Possession of a Firearm, Piloting an Aircraft Without a Valid Airman's Certificate, and Interstate Transportation of a Stolen Vessel, the Defendant was sentenced to 78 months of imprisonment to be followed by a term of three years of supervised release and an obligation to pay $1,336,429.11 in restitution. Defendant now asks this Court to relieve him of the remaining approximately five months of supervision.

The Defendant predicates the basis for his release upon two primary justifications. The first includes his desire to travel out of this Court's jurisdiction to take advantage of "work opportunities" that have been available to him for the last year. He represents that these opportunities would enable him to satisfy his

restitution obligations sooner. Dkt. #79, p. 2. The second justification is his desire to travel outside of the United States to visit friends domestically and internationally in London, France, China or Korea. Dkt. #79-3, p. 2.

Addressing the first basis for his request, the Court confirms that it is a noble assertion that the Defendant wishes to take advantage of work opportunities to pay his restitution at a quicker pace. The Defendant has failed, however, to provide this Court with a single declaration, communication or confirmed offer from any person or entity verifying or providing any detail or specifics on whether the Defendant's engagement with these TV shows were real opportunities or just exploratory communications. At best, we have defense counsel's terse summary of "talks to be a potential participant in the hit TV show 'Alone,' seen on the History Channel." Dkt. #89, p. 2.

Whether these "talks" would bear fruit for the Defendant or not, the real issue is that according to the United States Probation Officer, the Defendant never made a specific request asking for approval to take advantage of these or any work opportunities if they existed in reality in the first place. In fact, Mr. Harris-Moore's Probation Officer has confirmed that the Defendant did not request any travel permits for work or vacation travel prior to filing the instant motion. At best, the record suggests that Mr. Harris-Moore was seeking a transfer of jurisdiction for supervision, which is significantly different than a routine travel authorization request. Transfers of jurisdiction require judicial approval from this Court, as well as the state for which transfer is being requested.

The assigned probation officer has additionally confirmed that the Defendant only recently advised the probation office of any specific travel requests and there is no record that even these were denied by any U.S. Probation Officer. At best we have the assigned probation officer representing that he was willing to consider and possibly approve travel requests outside this district to accommodate Mr. Harris-

Moore's employment and travel endeavors had he only asked before filing this motion.

It is also of interest to this Court that nowhere in Mr. Harris-Moore's letter to this Court did he personally represent that he had requested vacation travel or work travel that was denied.

Rather than seek approval for travel first from his probation officer, Defendant elected to supersede that process and make direct application to this Court, bypassing what this Court would expect of any probationer: report to one's probation officer, advise of any change in circumstances or modifications in supervision before seeking relief from the Court. This is what is expected of any person under conditions of supervision. This process was not utilized by the Defendant. Instead, the Defendant is asking this Court to terminate his supervision outright or place him on unsupervised probation reporting directly to this Court. This request is untenable and would usurp one of the primary duties of a probation officer, which is to supervise convicted felons.

Defendant's lawyer represents a series of exchanges that Mr. Harris-Moore ostensibly had with his U.S. Probation Officer. Dkt. #84. Each of these assertions has been denied by Mr. Harris-Moore's assigned probation officer. Dkt. #88. Thus, the Court is left with Mr. Harris Moore's attorney's beliefs of exchanges her client had with his probation officer, the U.S. Probation Officer's denial of the accuracy of those representations, and Mr. Harris-Moore's letter to the Court which lacks any specifics about any requests to travel or history of denials for travel. This record does not support granting the Defendant's request.

The Court is pleased to be advised of how well Mr. Harris-Moore has performed on supervision, including refraining from the use of drugs and alcohol, not associating with criminals, and engaging in otherwise law-abiding behavior. While his conduct has been laudable, particularly regarding the amount of restitution

he has paid, remaining in compliance with conditions of supervision is what is expected of every probationer.

Mr. Harris-Moore has the perception that the only way he can serve as an example for others is with early termination of his supervision so he can enjoy "…the freedom to travel unencumbered, as well as the freedom to conduct business." Dkt. #79-3, p. 3. He fails to appreciate that another way to serve as an example to others is to satisfy his complete sentence for the myriad of egregious crimes he committed and damage he did to the lives of a number of victims. Mr. Harris-Moore can just as well be the example he professes when he is released from supervision in five months. Upon completion of his entire sentence and continued effort to deliver on his promise to make everyone whole, Mr. Harris-Moore can shed the "Barefoot Bandit" moniker and instead be known as Colton Harris-Moore, the role model for having turned his life of challenges into a success story to inspire others.

For these reasons, the Defendant's Motion for Early Termination of Supervised Release is **DENIED**.

DATED this 24th day of May, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge